IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Terry Jerome Smith, ) | |
| ) | Civil Action No. 6:11-109-TLW-KFM |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT OF MAGISTRATE JUDGE** |
| ) | |
| Bruce A. Lynch, et al.,, ) | |
| ) | |
| Defendants. ) | |

The plaintiff is proceeding in this action *pro se*. On April 20, 2011, defendants Anderson, Fox, Grate, Hipp, Johnson, Myers, Patrick, Stafford, Strickland, Thompson, and Wilson filed a motion for summary judgment. On April 28, 2011, defendants Beshears, Carpenter, Lynch, and Warren filed their motion for summary judgment. On April 20 and 28, 2011, respectively, and pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. Despite this explanation, the plaintiff did not respond to the defendants' motions.

As the plaintiff is proceeding *pro se*, the court filed a second order on June 10, 2011, giving the plaintiff through July 5, 2011, to file his response to the motions for summary judgment. The plaintiff was specifically advised that if he failed to respond, this action would be dismissed for failure to prosecute. On May 16, 2011, both *Roseboro* orders were returned as undeliverable, and, on July 13, 2011, the June 10th order was returned as undeliverable. The plaintiff failed to file any response.

A complaint may be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and/or failure to comply with orders of the court. *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir.1989), *cert. denied,* 493 U.S. 1084 (1990). In considering

whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

> (1) the degree of personal responsibility on the part of the plaintiff;
>
> (2) the amount of prejudice to the defendant caused by the delay;
>
> (3) the history of the plaintiff in proceeding in a dilatory manner; and,
>
> (4) the existence of less drastic sanctions other than dismissal.

*Davis v. Williams*, 588 F.2d 69, 70 (4th Cir.1978).

In the present case, the plaintiff is proceeding *pro se*, and he is thus entirely responsible for his actions. It is solely through the plaintiff's neglect, and not that of an attorney, that no responses have been filed. Meanwhile, the defendants are left to wonder when the action against them will be resolved. The plaintiff has not responded to the defendants' motions for summary judgment or the court's orders requiring him to respond. Accordingly, the undersigned concludes the plaintiff has abandoned his lawsuit. No other reasonable sanctions are available. Furthermore, the record reveals that the plaintiff was advised by order dated February 14, 2011, of his responsibility to notify the court *in writing* if his address changed. As noted above, both *Roseboro* orders and the June 10, 2011, order were returned as undeliverable.

Based on the foregoing, it appears the plaintiff no longer wishes to pursue this action. Accordingly, it is recommended that this action be dismissed for lack of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *Ballard v. Carlson*, 882 F.2d 93, 95-96 (4th Cir. 1989), *cert. denied*, 493 U.S. 1084 (1990).

s/ Kevin F. McDonald
United States Magistrate Judge

September 28, 2011
Greenville, South Carolina